UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES A. BENSON,

    Plaintiff,

v.                                 CAUSE NO.: 3:18-CV-651-RLM-MGG

MIAMI CORRECTIONAL FACILITY, et al.,

    Defendants.

OPINION AND ORDER

Charles A. Benson, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, [u]nrelated claims against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

> A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions. To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim # 1 against Defendant A, and claim # 2 against Defendant B, only if both claims arise "out of the same transaction, occurrence, or series of transactions or occurrences."

Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012).

In his complaint, Mr. Benson bases his claims on the following incidents:

- On June 19, 2017, Officer Alston grabbed Mr. Benson and used a chemical weapon on him.

- On October 4, 2017, Officer Sands slammed Mr. Benson's left wrist in the cuff port and used a chemical weapon on him.

- On April 12, 2018, Officers Worley and Firecoate verbally harassed Mr. Benson and threatened to withhold his food.

- On June 5, 2018, Officers Herrington and Wagoner pushed water under Mr. Benson's cell door and fabricated reports that he assaulted them, which resulted in a disciplinary action and placement in a strip cell.

- On June 14, 2018, Sergeant Corn placed Mr. Benson in a strip cell without any personal property.

- Brenda Bowman refused to process Mr. Benson's grievances against Officer Alston, Officer Caveral, and Sergeant Cannon.

These incidents, as described in the complaint, don't comprise a single transaction or occurrence nor do they comprise a series of interrelated transactions or occurrences. *See* In re EMC Corp., 677 F.3d 1351, 1356 (Fed. Cir. 2012) (stating that the operative test is "whether there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant"); Malibu Media, LLC v. John Does 1-6, 291 F.R.D. 191, 201 (N.D. Ill. 2013) (same). These incidents might have occurred at the same correctional facility, but they involve different members of correctional staff committing several types of misconduct at various times throughout the course of a year. Therefore, Mr. Benson's claims are unrelated, and he cannot litigate them all in a single lawsuit.

When a pro se plaintiff files a lawsuit with unrelated claims, this court's practice is to allow him to decide which claim (or group of related claims) to pursue in the case he filed and to allow him to decide whether to bring the

remaining claims in separate lawsuits. This is the fairest solution to the plaintiff because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." Katz v. Gerardi, 552 F.3d 558, 563 (7th Cir. 2009).

For these reasons, the court GRANTS Charles A. Benson until October 9, 2018, to file an amended complaint. If Mr. Benson doesn't respond by that deadline, this cause may be dismissed without further notice.

SO ORDERED on September 10, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT