UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES A. BENSON,

    Plaintiff,

    v.

MIAMI CORRECTIONAL FACILITY, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-651-RLM-MGG

## OPINION AND ORDER

Charles A. Benson, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, under 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Mr. Benson alleges that, on June 5, 2018, Officer D. Petty pushed water under his cell door with a squeegee and asked Mr. Benson if he intended to file another grievance against him. Officer Petty also convinced two correctional officers to fabricate disciplinary reports charging Mr.

Benson with splashing the water on them. Later that day, Sergeant E. Parkin sprayed chemical agent on Mr. Benson three times and left him in his cell for an hour without decontamination because Mr. Benson insisted that he follow departmental policy. Captain L. Barkas was the shift supervisor, knew that Sergeant Parkin was spraying Mr. Benson, but didn't intervene. Mr. Benson seeks money damages and injunctive relief.

Mr. Benson asserts a claim of First Amendment retaliation against Officer Petty for persuading other officers to fabricate disciplinary reports in retaliation for a grievance. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012). The complaint states a plausible claim of First Amendment retaliation against Officer Petty.

Mr. Benson asserts an Eighth Amendment claim of excessive force against Sergeant Parkin for spraying the chemical agent and against Captain Barkas for not intervening. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury

2

suffered by the prisoner. Id. "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so could be held liable under § 1983." Fillmore v. Page, 358 F.3d 496, 505–506 (7th Cir. 2004). The complaint states plausible Eighth Amendment claims of excessive force against Sergeant Parkin and Captain Barkas.

Mr. Benson names the Miami Correctional Facility as a defendant and also names the Warden William Hyatt as a defendant based on supervisory liability. The facility isn't a proper defendant here. It might be where these things happened, but the facility is a building, not a person or even a policy-making unit of government that can be sued under 42 U.S.C. § 1983. See Sow v. Fortville Police Dep't, 636 F.3d 293, 300 (7th Cir. 2011). Additionally, "[i]t is well established that there is no respondeat superior liability under § 1983." Gayton v. McCoy, 593 F.3d 610, 622 (7th Cir. 2010). Rather, "[l]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). Because the complaint doesn't describe how Warden William Hyatt was personally involved, this defendant is dismissed.

Finally, Mr. Benson seeks an order compelling the defendants to install cameras in the restrictive housing unit at the Miami Correctional Facility. "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996). Because

3

Mr. Benson now resides at the Wabash Valley Correctional Facility, his request for camera installation is moot.

For these reasons, the court:

(1) GRANTS Charles A. Benson leave to proceed against Officer D. Petty for retaliating by persuading other officers to falsify disciplinary reports on June 5, 2018, in violation of the First Amendment;

(2) GRANTS Charles A. Benson leave to proceed against Sergeant E. Parkin and Captain L. Barkas on an Eighth Amendment claim of excessive force for spraying him with chemical agent on June 5, 2018;

(3) DISMISSES Warden William Hyatt and the Miami Correctional Facility;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer D. Petty, Sergeant E. Parkin, and Captain L. Barkas at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 13) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer D. Petty, Sergeant E. Parkin, and Captain L. Barkas to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Charles A. Benson has been granted leave to proceed in this screening order.

SO ORDERED on January 29, 2019

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT